UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LISA ROZIER, | ) | Case No. 02-43456-293 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| VICKEY CZAPLA & | ) | |
| TRACEE DAVIS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | Adv. No. 04-4153-293 |
| | ) | |
| LISA M. ROZIER, | ) | (Publish) |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Vickey Czapla and Tracee Davis ("Plaintiffs") brought this instant adversary complaint against Debtor arguing that a $125,000.00 judgment Plaintiffs obtained against Debtor in the Circuit Court of St. Louis County (the "State Court Judgment") is excepted from discharge under 11 U.S.C. § 523(a)(3)(B). Because the State Court Judgment collaterally estops Debtor from denying Plaintiffs'

-1-

claim, the Court will enter judgment in favor of Plaintiffs.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

## FINDINGS OF FACT

Plaintiffs and Debtor entered into a contract on October 23, 2000, whereby Debtor agreed to complete a room addition at Plaintiffs' residence in exchange for $43,000.00. (the "Contract"). The Contract required Debtor to complete the project prior to Christmas of that year. Debtor, however, failed to complete the project on time. After several other delays, Plaintiffs terminated the Contract in May 2001.

Plaintiffs filed a three count petition against Debtor in the Circuit Court of St. Louis County (the "State Court Complaint") on June 20, 2002. Count I of the State Court Complaint was a civil conspiracy cause of action; Count II was a fraud cause of action; and Count III contained a breach of contact claim.

Debtor filed an answer to Plaintiffs' petition and a breach of contract

counterclaim against Plaintiffs.  Debtor alleged in her counterclaim that she substantially performed her obligations under the Contract but Plaintiffs breached their obligation by failing to remit payment to her.

Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code on March 27, 2002.  Debtor, however, failed to list Plaintiffs as creditors or her contingent obligation to them on her schedules. This Court entered an order of discharge under 11 U.S.C. § 524(a) in favor of Debtor on June 27, 2002, which was seven days after Plaintiffs filed the State Court Complaint.  Plaintiffs, therefore, technically violated the automatic stay by filing the complaint.

Although Plaintiffs filed the State Court Complaint in violation of the stay, Debtor failed to provide Plaintiffs with notice of the existence of her bankruptcy case or of the subsequent discharge.  Rather, Debtor participated in the State Court ligation by filing an answer and the counterclaim.

The State Court set a trial date of June 24, 2003.  Debtor initially appeared in the State Court for trial.  Debtor, however, spoke with an attorney on the morning of trial who advised her to leave the State Court and file a petition for relief under Chapter 13 of the Bankruptcy Code.  Consequently, Debtor left prior to the commencement of trial.  Debtor, however, did not file the Chapter 13 petition.

The State Court then proceeded with the trial in Debtor's absence.  At trial,

Plaintiffs dismissed Counts I and III and requested the State Court to enter judgment on their fraud claim contained in Count II. Plaintiffs produced evidence to the State Court in the form of testimony from Plaintiff Vickey Czapla. The State Court found that Czapla's testimony was sufficient to establish the *prima facie* elements of Plaintiffs' fraud claim. The State Court, therefore, entered judgment in favor of Plaintiffs in the amount of $125,000.00.

Debtor filed a motion to reopen her bankruptcy case to add Plaintiffs as creditors on October 2, 2003. Debtor served the motion to reopen on Plaintiffs, which was the first notice that Plaintiffs had of Debtor's prior bankruptcy case. Plaintiffs then filed the instant adversary complaint on June 4, 2004. Plaintiffs contend that the State Court Judgment collaterally estops Debtor from denying that she incurred the obligation contained in the State Court Judgment by actual fraud. The Court agrees and will enter judgment in favor of Plaintiffs.

**CONCLUSIONS OF LAW**

Section 523(a)(3)(B) of the Code excepts from discharge any debt of the kind specified in §523(a)(2) that the debtor failed to list in her schedules so that the creditor could not timely file a dischargeability action under §523(c). Debtor failed to list her obligation to Plaintiffs in her original schedules. Further, Plaintiffs did not have knowledge of the case in time to timely file a

dischargeability action under §523(c). Thus, if the debt contained in the State Court Judgment is the kind specified in §523(a)(2), then the debt is excepted from discharge under §523(a)(3)(B).[1]

Section 523(a)(2)(A) of the Code excepts from discharge any debt the debtor incurred as a result of "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." A creditor must establish the following elements by a preponderance of the evidence to prevail in an action under §523(a)(2)(A): (1) the debtor made a false representation; (2) the debtor knew that the representation was false at the time the debtor made the representation; (3) the debtor made the representation deliberately and intentionally with the intent and purpose of deceiving the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor suffered a pecuniary loss as a direct and proximate result of the debtor's misrepresentation. Waring v. Austin (In re Austin), 317 B.R. 525, 529-30 (B.A.P. 8th Cir. 2005).

The doctrine of collateral estoppel applies in proceedings under

---

[1] Plaintiffs argue in their complaint that even if the debt in question is not excepted from discharge under §523(a)(3)(B), Debtor's discharge should be revoked under §727(d). The time limitation for bringing such a cause of action, however, expired well before Plaintiffs filed the instant complaint. Dahar v. Bevis (In re Bevis), 242 B.R. 805, 809-10 (Bankr. D.N.H. 1999). The Court, therefore, will not address the merits of Count II of Plaintiffs' complaint.

§523(a)(2)(A). <u>Grogan v. Garner</u>, 498 U.S. 279, 285 (1991). Thus, a prior state court judgment sounding in fraud will prevent a debtor from re-litigating a §523(a)(2)(A) claim if the prior judgment is entitled to preclusive effect with respect to the issues in dispute in the §523(a)(2)(A) claim. <u>Id.</u>; <u>Hobson Mould Works, Inc. v. Madsen (In re Madsen)</u>, 195 F.3d 988, 989 (8th Cir. 1999). Under the full faith and credit statute, 28 U.S.C. §1783, the bankruptcy court must examine applicable state law to determine if collateral estoppel applies so that the prior state court judgment has such preclusive effect. <u>Id</u>.

Here, because the State Court Judgment was issued by a Missouri court, Missouri law governs in determining whether collateral estoppel applies. Under Missouri law, a party is collaterally estopped from re-litigating an issue decided in a prior case if: (1) the issue decided in the prior case mirrors that in the present action; (2) the prior suit resulted in a final judgment on the merits; (3) the party against whom the doctrine is asserted participated as a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine may apply had a full and fair opportunity to litigate the issue. <u>Hollida v. Hollida</u>, 190 S.W.3d 550, 554 (Mo. Ct. App. 2006). The Court finds that all four elements of collateral estoppel are present.

First, the elements of a common law fraud action under Missouri law are

identical to the elements of a cause of action under §523(a)(2)(A).  Mogley v. Fleming (In re Fleming), 287 B.R. 212, 218 (Bankr. E.D. Mo. 2001); Neal v. Surls (In re Surls), 240 B.R. 899, 903-04 (Bankr. W.D. Mo. 1999).  Thus, the issues decided in a fraud action under Missouri law mirror those issues decided in an action under §523(a)(2)(A).  Id.  Accordingly, the issues decided in the State Court Judgment are identical to the issues before the Court in Plaintiffs' §523(a)(2)(A) claim.  Thus, the first element of collateral estoppel under Missouri law is satisfied.

The second element for the application of collateral estoppel is that the prior suit resulted in a judgment on the merits.  Under Missouri law, once a defendant files an answer, any judgment is on the merits, even if the defendant fails to appear at trial.  Cotler v. Danziger, 870 S.W.2d 234, 236 (Mo. banc 1994).  Here, Debtor filed an answer to Plaintiffs' petition but did not appear at trial.  The State Court Judgment, therefore, was on the merits under Missouri law.

The Court also finds that the third and fourth elements are present.  Debtor was properly served with Plaintiffs' petition.  Also, Debtor filed an answer to Plaintiffs' petition and also filed a counterclaim against Plaintiffs.  Further, Debtor had notice of the trial date, appeared at the courthouse on the day of trial but simply chose not to rebut Plaintiffs' evidence.  Thus, the Court finds that Debtor participated in the State Court proceeding and had a full and fair opportunity to

litigate the issues in dispute.

One issue that the parties failed to address concerning the preclusive effect of the State Court Judgment is whether the judgment is *void ab initio* because Plaintiffs filed the State Court Complaint in violation of the stay. Generally, any action taken in violation of the automatic stay is *void ab initio*, even if the party in question acted without knowledge of the bankruptcy proceeding. LaBarge v. Vierkant (In re Vierkant), 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999). This rule applies to void a petition filed in state court in violation of the automatic stay and any subsequent state court judgment entered on such a petition. In re Highway Truck Drivers & Helpers Local Union No. 107, 888 F.2d 293, 299 n.8 (3d Cir. 1989).

Despite this general rule, a court has the ability to use its equitable powers to mitigate the effect of a technical violation of the automatic stay.[2] Calder v. Job (In re Calder), 907 F.2d 953, 956 (10th Cir. 1990); In re Tant, 156 B.R. 1018, 1022-23 (Bankr. W.D. Mo. 1993). The offending creditor must make a preliminary showing that it acted without knowledge of the bankruptcy proceeding before the

---

[2] It should be noted that a minority of cases has rejected this theory and hold that the only remedy a creditor has to mitigate the effect of its violation of the stay is to file a motion to annul the stay pursuant to 11 U.S.C. §362(d). See Lone Star Sec. & Video v. Gurrola (In re Gurrola), 328 B.R. 158, 172-73 (B.A.P. 9th Cir. 2005).

court may examine other factors.  Calder, 907 F.2d at 956.

Once the creditor demonstrates that it did not have knowledge that the automatic stay was in effect, the court then should balance the equities to determine if it should not treat the action taken in violation of the stay as void. Tant, 156 B.R. at 1023.  If the action in question involved litigation in state court, a predominate factor in the equitable analysis is whether the debtor participated in the state court litigation without notifying the creditor that the automatic stay was in effect.  Matthews v. Rosene, 739 F.2d 249, 251 (7th Cir. 1984);  In re Smith Corset Shops, Inc. 696 F.2d 971, 976-77 (1st Cir. 1982).

Here, Plaintiffs did not have notice of Debtor's bankruptcy proceeding prior to obtaining the State Court Judgment.  Also, Debtor participated in the state court litigation by filing an answer to Plaintiffs' petition and a counterclaim against Plaintiffs.  Debtor additionally failed to notify Plaintiffs of her bankruptcy case until she filed her motion to reopen her case and amend her schedules in October 2003.  Further, Plaintiffs' technical violation of the stay did not involve estate property so that the violation did not harm other creditors.  Given this evidence, the Court finds that the equities point decidedly in favor of mitigating the effect of Plaintiffs' violation of the automatic stay.  The Court, therefore, does not find that the State Court Judgment is void.

**CONCLUSION**

Debtor failed to list her obligation to Plaintiffs in her schedules so that Plaintiffs could timely file a dischargeability action under §523(c). Also, the State Court Judgment collaterally estops Debtor from denying that her debt to Plaintiffs contained in the State Court Judgment is the kind of debt described in 11 U.S.C. §523(a)(2)(A). Also, the equitable factors of this case do not warrant a finding that the State Court Judgment is void although it was technically obtained in violation of the automatic stay. The Court, therefore, finds that Plaintiffs have established by a preponderance of the evidence that the debt contained in the State Court Judgment is excepted from Debtor's discharge under §523(a)(3)(B).

An Order consistent with this Memorandum Opinion will be entered this date.

DATED: June 29, 2007  
St. Louis, Missouri

David P. McDonald  
United States Bankruptcy Judge

Copy mailed to:

Arthur G. Muegler, Jr.
Law Offices of Arthur G. Muegler, Jr.
P.O. Box 230143
St. Louis, MO 63123

Lisa Rozier
709 Walnut Ridge
Fenton, MO 63026

Lawrence J. Fleming
Herzog Crebs
515 N. 6th St, Ste 2400
St. Louis, MO 63101